1534

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Criminal No. 12-110 |
| v. | ) | (21 U.S.C. §§ 846 and 963; |
| | ) | 18 U.S.C. §§ 1956(h) and |
| CLAYTON V. MOORE | ) | 371) |

**INFORMATION**

**COUNT ONE**

The United States Attorney charges:

From in and around February 2005 and continuing thereafter to on or about March 4, 2009, in the Western District of Pennsylvania, the District of Massachusetts and elsewhere, the defendant, CLAYTON V. MOORE, did knowingly, intentionally, and unlawfully conspire with others, both known and unknown to the United States Attorney, to distribute a quantity of anabolic steroids, Schedule III controlled substances, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

In violation of Title 21, United States Code, Section 846.

## COUNT TWO

The United States Attorney further charges:

From in and around February 2005 and continuing thereafter to on or about March 4, 2009, in the Western District of Pennsylvania, the District of Massachusetts and elsewhere, the defendant, CLAYTON V. MOORE, did knowingly, intentionally, and unlawfully conspire with persons both known and unknown to the United States Attorney, to import into the United States a quantity of anabolic steroids, Schedule III controlled substances, contrary to the provisions of Title 21, United States Code, Sections 952(b), 960(a) and 960(b)(4).

In violation of Title 21, United States Code, Section 963.

**COUNT THREE**

The United States Attorney further charges:

From in and around February 2005 and continuing thereafter to on or about March 4, 2009, in the Western District of Pennsylvania, the District of Massachusetts and elsewhere, the defendant, CLAYTON V. MOORE, did knowingly, intentionally, and unlawfully conspire with persons both known and unknown to the United States Attorney, to transport, transmit and transfer monetary instruments and funds from a place in the United States to a place outside the United States, that is, the transmission from the United States of Western Union and Money Gram wire transfers payable to multiple payees in the People's Republic of China, Mexico and Serbia for the purchase of anabolic steroids, Schedule III controlled substances, with the intent to promote an unlawful conspiracy to distribute anabolic steroids, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and 846, contrary to the provisions of Title 18, United States Code, Section 1956(a)(2)(A).

In violation of Title 18, United States Code, Section 1956(h).

## COUNT FOUR

The United States Attorney further charges:

### THE CONSPIRACY AND ITS OBJECTS

1. From in and around February 2005 and continuing thereafter to on or about March 4, 2009, in the Western District of Pennsylvania, the District of Massachusetts and elsewhere, the defendant, CLAYTON V. MOORE, did knowingly, intentionally, and unlawfully conspire with others, both known and unknown to the United States Attorney, to commit offenses against the United States, that is, to introduce, and to deliver for introduction, into interstate commerce anabolic steroids, which were misbranded drugs, in that the labeling of the drugs lacked adequate warnings and directions for use, and in that the drugs were manufactured in an establishment not registered under Title 21, United States Code, Section 360, in violation of Title 21, United States Code, Sections 331(a), 333(a)(2), 352(f) and 352(o).

### MANNER AND MEANS OF THE CONSPIRACY

2. It was a part of the conspiracy that from in or around February 2005 and continuing thereafter to on or about March 4, 2009, the defendant, CLAYTON V. MOORE, ordered and received shipments of raw anabolic steroid powder from co-conspirators residing in the People's Republic of China, Mexico, Serbia and the Ukraine.

3. It was a part of the conspiracy that upon receiving the shipments of raw anabolic steroid powder from the People's Republic of China, Mexico, Serbia and the Ukraine, the defendant, CLAYTON V. MOORE, manufactured the product into capsules or injectable anabolic steroids in an establishment not registered under Title 21, United States Code, Section 360, and shipped the anabolic steroids to his customers in the Western District of Pennsylvania and elsewhere with labeling of the anabolic steroids that lacked adequate warnings and directions for use.

4. It was a part of the conspiracy that from in or around February 2005 and continuing thereafter to on or about March 4, 2009, the defendant, CLAYTON V. MOORE, received thousands of dollars from his customers in payment for the anabolic steroids.

OVERT ACT

5. In furtherance of the conspiracy, and to effect the objects of the conspiracy, the defendant, CLAYTON V. MOORE, did on or about February 20, 2009, ship approximately 600 capsules of anabolic steroids by Federal Express package, bearing package tracking number 8668 4690 7980, from Massachusetts to a co-conspirator in the Western District of Pennsylvania with labeling of the anabolic steroids that lacked adequate warnings and directions for use.

In violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

1. The United States Attorney realleges and incorporates by reference the allegations contained in Counts One and Three of this Information for the purpose of alleging criminal forfeitures pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2) and 853(p), and Title 18, United States Code, Sections 982(a)(1) and 982(b)(1).

2. As a result of the commission of the violation of Title 21, United States Code, Section 846, charged in Count One of this Information, the defendant, CLAYTON V. MOORE, did acquire the following property, which constitutes, and is derived from, the proceeds obtained, directly and indirectly, from such violation, thereby subjecting said property to forfeiture to the United States of America pursuant to Title 21, United States Code, Section 853(a)(1): United States currency, cash equivalents, bank account balances, Western Union wire transfers, and Money Gram wire transfers, including without limitation all monies seized by the United States from the defendant during the investigation.

3. In commission of the violation of Title 21, United States Code, Section 846, charged in Count One of this Information, the defendant, CLAYTON V. MOORE, used the following property to commit, and to facilitate the commissions of, said violation, thereby subjecting the property to forfeiture to the United States of America pursuant to Title 21, United States Code, Section

853(a)(2): computers, computer equipment, anabolic steroids, and anabolic steroid manufacturing equipment seized from the defendant during the investigation.

    4. As a result of the commission of the violation of Title 18, United States Code, Section 1956(h), charged in Count Three of this Information, the defendant, CLAYTON V. MOORE, did involve United States currency, cash equivalents, bank account balances, Western Union wire transfers, and Money Gram wire transfers in such violation, thereby subjecting said property, and any property traceable to such property, to forfeiture to the United States of America pursuant to Title 18, United States Code, Section 982(a)(1).

    5. If through any act or omission by the defendant, any or all of the property described in paragraphs 2 through 4 above (hereinafter the "Subject Properties")

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred, sold to, or deposited with a third person;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant up to the value of the Subject Properties forfeitable above pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b)(1).

DAVID J. HICKTON
United States Attorney
PA ID No. 34524